```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

IN RE: ULISES SANTIAGO
       BARAHONA                      :

MICHAEL G. WOLFF, TRUSTEE            :

     Appellant                       :

     v.                              :  Civil Action No. DKC 2005-2122
                                     :
GERARDO BARAHONA, et al.
                                     :
     Appellees
                                     :
```

**MEMORANDUM OPINION**

This case is before the court on appeal from the Order of United States Bankruptcy Judge Paul Mannes denying the Appellant Trustee's motion for summary judgment on Counts I and II and entering *sua sponte* summary judgment in favor of Appellees Ulises Santiago Barahona, Gerardo Barahona, and Sonia Barahona on Count II of the Adversary Proceeding, Case no. 03-3100PM. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8012. For the reasons that follow, the court will affirm a portion of the bankruptcy court's ruling, and dismiss the remaining portion of the appeal.

**I. Background**

The following facts are stated in the light most favorable to the Trustee, drawing all reasonable inferences from the evidence in his favor.[1] *Edell & Assoc., P.C. v. Law Offices of Angelos*, 264 F.3d 424, 429 (4th Cir. 2001).  Sometime in the year 2000, Gerardo and Sonia Barahona, a married couple, decided to purchase a home at 9 Staffordshire Court, Germantown ("the property"), which had a purchase price of $129,000.  Because they did not have enough income to support a mortgage loan, Gerardo asked his brother, Ulises Barahona, to co-sign a loan so that Gerardo and Sonia could buy the property.  Ulises agreed.  In September 2000, the property was purchased, and Ulises signed the promissory note.  The brothers contend that they had an agreement that Ulises' name would be removed within six months to a year.  (Paper 1, ex. 13, deposition of Ulises, at 16, 26-27).

---

[1] The Trustee's brief recites that, although he did not accept as true the following facts leading up to Ulises' decision to file for bankruptcy, he did not dispute them because they "are not material to the Court's ultimate decision." Unfortunately, the Trustee's position is neither consistent nor clear.  In the Standard of Review section, he states that there are no genuine issues of material fact, (paper 4, at 1), then writes that he does not necessarily accept all of the facts outlined in the bankruptcy court's decision.  (Paper 4, at 5 n.1).  He later argues that the bankruptcy court's denial of summary judgment was inappropriate because there is an issue of material fact in dispute.  (Paper 4, at 8).

After buying the property, Gerardo deducted the expenses, the mortgage, and the interest on his income taxes. (Transcript of June 30, 2004 hearing, at 9).[2] Ulises testified that he did not pay any mortgage payments or property taxes, or claim the property on his own taxes. (Paper 1, ex. 13, deposition of Ulises, at 29). Initially, Gerardo and Sonia lived alone in the property. In January 2001, Ulises moved into the property after he separated from his wife. Ulises testified that he had an agreement with Gerardo that he would pay $200 in rent, plus utilities. (Paper 1, ex. 13, deposition of Ulises, at 28.) Ulises gave his brother checks that were marked for utilities or rent. (Paper 1, ex. 15, interrogatory answer of Ulises identifying checks written to his brother, at 4). The arrangement continued for about a year and a half.

In December 2002, Ulises began to have financial problems and to consider bankruptcy relief. In January or February 2003, Ulises sought bankruptcy advice from attorney Gwen Hickman. In March 2003, Gerardo decided to remove Ulises' name from the loan after Ulises told Gerardo that he was going to file for

---

[2] The Trustee, as appellant, must provide a complete record on appeal, *see* Fed. R. Bankr. P. 8006. The record does not contain copies of the tax returns referred to as exhibits in the June 30, 2004, hearing and in the bankruptcy court's ruling. There is no evidence on the record, however, that contradicts the existence or content of these tax records.

bankruptcy relief. (Paper 1, ex. 14, deposition of Gerardo, at 9). On May 22, 2003, Ulises and Gerardo executed a deed that took Ulises' name off the property and replaced his name with the name of Sonia Barahona. According to the deed, the property was conveyed for "no consideration." (Paper 1, ex. 11, Deed). On the date of the conveyance, the property's fair market value was at least $228,000. The deed conveying the property from Ulises and Gerardo to Gerardo and Sonia was not recorded until November 5, 2003, in the land records of Montgomery County.

On June 5, 2003, fourteen days after the conveyance, Ulises filed a bankruptcy petition. The parties have stipulated that Ulises was insolvent during the period between the transfer of the property and the date he filed for bankruptcy. (Paper 1, ex. 13, deposition of Ulises, at 51).

In bankruptcy court, the Trustee sought to avoid the May 22, 2003, conveyance to Gerardo and Sonia by filing an adversary proceeding claiming that the conveyance was fraudulent. On March 15, 2004, the Trustee filed an amended complaint that added a count seeking avoidance of a post-petition transfer because the deed transferring the property to Gerardo and Sonia was filed in the land records of Montgomery County five months after Ulises filed for bankruptcy. The Trustee also filed a motion for partial summary judgment on Count I (avoidance of a

4

post-petition transfer) and Count II (avoidance of a fraudulent conveyance) on his amended complaint. The Trustee did not request summary judgment on Count III, in which he sought to sell the property free and clear of Gerardo Barahona's interest.

After a hearing on June 30, 2004, the court ruled on July 22, 2004, denying the Trustee's motion for summary judgment and granting summary judgment *sua sponte* in favor of Appellees as to Count II. Specifically, on Count I to avoid a post-petition transfer, the bankruptcy court denied the Trustee's motion because there was a material fact in dispute as to whether the deed was presented to the Montgomery County Clerk's Office before Ulises' bankruptcy case was filed. On Count II to avoid a pre-petition fraudulent conveyance, the bankruptcy court held that there was no fraudulent transfer, that Ulises "had bare legal title and nothing more," and that there was no bad faith on the part of Gerardo and Sonia.

Because the Order did not dispose of all issues, the Trustee filed a motion for Rule 54(b) certification in order to pursue an appeal in district court. On June 21, 2005, the bankruptcy court entered an order granting the Trustee's motion, and this appeal followed.

**II. Rule 54(b) Certification**

Bankruptcy Rule 7054 makes Fed.R.Civ.P. 54(b) applicable in bankruptcy adversary proceedings. *See Reiter v. Cooper*, 507 U.S. 258, 265 n.2 (1993). Rule 54(b) allows a court to enter final judgment on one or more claims in a multi-claim action, even where other claims remain unresolved, thereby allowing an appeal. *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (1993). Rule 54(b) certification is the exception rather than the norm, and it should not be granted routinely or as an accommodation to counsel. *Id.* Whether a Rule 54(b) certification is properly granted involves a two-step analysis. First, the judgment must be final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351, U.S. 427, 436 (1956)). Second, there must be no just reason for the delay in entering the judgment. *Braswell Shipyards*, 2 F.3d at 1335 (citing *Curtis-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). An appellate court reviews the Rule 54(b) certification for an abuse of discretion. *Braswell Shipyards*, 2 F.3d at 1336.

The bankruptcy court held that the Order entered July 22, 2004, was final, and that there was no just reason for delay. Because Ulises' interest in the property is a threshold question

6

relevant to all of the Trustee's claims, there was no abuse of discretion in granting the Trustee's Rule 54(b) certification. The only portion of the decision that is sufficiently final at this juncture is the entry of summary judgment in favor of Appellees on Count II. With respect to Count I, the bankruptcy court denied the Trustee's motion because there was a material fact in dispute; the bankruptcy court's ruling on Count I therefore did not end the litigation on the merits. Accordingly, the denial of summary judgment on Count I is not an ultimate disposition, and cannot be the subject of a Rule 54(b) certification.

**III.     Standard of Review**

On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*. *See In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992); *Travelers Ins. Co. v. Bryson Prop., XVIII (In re Bryson Prop., XVIII)*, 961 F.2d 496, 499 (4th Cir.), *cert. denied sub nom., Bryson Prop., XVIII v. Travelers Ins. Co.*, 506 U.S. 866 (1992).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1987).  Although the court must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion, the opposing

party "must satisfy the burden of proof by offering more than a mere 'scintilla' of evidence, and must produce evidence sufficient for a reasonable jury to find in [his] favor." *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239-40 (4th Cir. 1995).

**IV. Analysis**

Under the Bankruptcy Code, the debtor's estate consists of "all legal or equitable interests in the debtor in property as of the date of the commencement of the case." 11 U.S.C. § 541(a)(1). The estate does not include "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest." 11 U.S.C. § 541(d). The trustee cannot take greater rights than the debtor had, *Mid-Atlantic Supply, Inc. of Va. v. Three Rivers Aluminum Co.*, 790 F.2d 1121, 1124 (4th Cir. 1986); this limitation applies to property held in trust, *see id.* at 1126 ("[I]f a trust, whether express, statutory or constructive, is established over property in the possession of the trustee or debtor in possession, the 'sole permissible administrative act' of the trustee or debtor in possession is to pay over or endorse over the property to the beneficiary or beneficiaries of the trust."). Thus, the nature of Ulises' interest in the property is a threshold issue.

State law determines the nature of the debtor's interest for purposes of the § 541(d) exclusion.  *Mid-Atlantic Supply, Inc.*, 790 F.2d at 1125; *In re Dameron*, 155 F.3d 718, 722 (4th Cir. 1998).  Maryland law recognizes that a resulting trust may arise based on the intention of the parties.  *See, e.g., Lacey v. Van Royen*, 259 Md. 80, 86 (1970); *Levin v. Sec. Fin. Ins. Corp.*, 246 Md. 712, 718 (1967); *Sines v. Shipes*, 192 Md. 139, 153 (1949). "A resulting trust arises only when the legal title is in one person and the beneficial interest is wholly or partially in another."  *Sands v. Church of Ascension & Prince of Peace*, 181 Md. 536, 543 (1943).  *See also Siemiesz v. Amend*, 237 Md. 438, 441 (1965) ("A resulting trust arises upon the presumed intention of the parties where the terms of the disposition or accompanying facts establish that beneficial interest is not to go with legal title.").  The existence of a resulting trust must be established "by evidence showing a clear intention of the trust."  *Lacey*, 259 Md. at 86.  The transaction is judged "as of its date, and not upon the basis of facts occurring subsequent to that date,"  *id*. at 89, although "[t]he conduct of the parties with relation to the possession of the realty and the benefits and burdens thereof, after the delivery of the deed, is important as corroborating or contradicting the presumption of

10

a trust." *Taylor v. Mercantile-Safe Deposit & Trust Co.*, 269 Md. 531, 540 (1973).

Here, the bankruptcy court found that Ulises had only bare legal title to the property.

> Debtor accommodated his brother and sister-in-law by co-signing the mortgage. The Debtor's tax returns disclose that, as between the two, there is no conclusion that could be reached other than Debtor had bare legal title and nothing more. The Property was continuously handled between the two of them as if Gerardo Barahona owned the Property. The court finds nothing in the record to indicate any lack of good faith on the behalf of Gerardo and Sonia Barahona.

(Paper 1, ex. 21, at 5). The Trustee argues that the "mere fact that the Property was purchased with the proceeds of a loan to both Gerardo and [Ulises] strongly suggests that a portion of the purchase price was provided by the Debtor and, as a result, the Debtor had more than bare legal title and a resulting trust should not apply." (Paper 4, at 7-8). The record, however, only supports Appellees' assertion that the parties' intent from the beginning was for Ulises to have only bare legal title on a temporary basis. Appellees' conduct after the conveyance (i.e. the fact that Gerardo, not Ulises, deducted expenses relating to the property on his taxes) shows that there was no intent for Ulises to have more than bare legal title.

11

The Trustee further argues that, "[a]t a minimum, the issue is an issue of fact that has not been established by the defendants by clear and convincing evidence." (Paper 4, at 8). The Trustee has not come forward with evidence that contradicts Appellees' assertions, even though, as found by the bankruptcy court, he had opportunity to do so during the adversary proceeding.  Discovery had taken place, including the answering of interrogatories, the production of documents, and the taking of depositions.  The Trustee has not identified any source of information he has been unable to access that would call the evidence into question.

Accordingly, the bankruptcy court did not err.  There is no dispute of fact and the following legal conclusion that Ulises had bare legal title is correct.  Because Ulises had only bare legal title, the bankruptcy court properly granted summary judgment in favor of Appellees on Count II and that portion of the bankruptcy court's ruling will be affirmed.  A separate Order will follow.

\_\_\_\_\_/s/ _____
DEBORAH K. CHASANOW
United States District Judge